IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CITY OF GRASS VALLEY,              )
                                   )
                Plaintiff,         )        2:04-cv-149-GEB-DAD
                                   )
     v.                            )        ORDER*
                                   )
NEWMONT MINING CORPORATION, et al.,)
                                   )
                Defendants.        )
_____)

        Defendants move "to strike Plaintiff's Expert Opinion of Jonathan S. Shefftz." (Proposed Order at 2.)  Plaintiff opposes this motion.

                            BACKGROUND

        The May 12, 2006 Status Order issued in this action set the deadline for initial expert reports as September 18, 2006 and the discovery deadline as February 16, 2007.  (May 12 Status Order, at 2.) The parties stipulated to extend the deadline for expert reports to October 18, 2006 and again to October 30, 2006.  (Joint Stipulation &

---

        *    This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

Order, Aug. 18, 2006, at 2; Joint Stipulation & Order, Oct. 13, 2006, at 2.)  Plaintiff submitted Shefftz's expert report on October 30, 2006.  (Shefftz Decl. ¶ 1.)

<u>DISCUSSION</u>

Defendants contend Shefftz's expert report does not comply with Federal Rule of Civil Procedure 26(a)(2)(B) ("Rule 26(a)(2)(B)") because it "contains no opinion at all" and therefore, move to strike the report.  (Defs.' Mot. to Strike ("Defs.' Mot.") at 3, 7.)  Plaintiff responds that Shefftz's expert report was complete and "contained each of the elements required by Rule 26(a)[(2)(B)]." (Pl.'s Opp'n at 5.)

Rule 26(a)(2)(B) requires that an expert report contain, inter alia, "a complete statement of all opinions to be expressed and the basis and reasons therefor."  The Advisory Committee Notes to the 1993 amendment to Rule 26 specify that experts "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor."  The Notes explain that the rule was amended because "information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness."  Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note.

Shefftz states in his expert report that he is "unable to provide any definitive case-specific conclusions" and "expect[s] to revise [his] opinion as additional information becomes available." (Thayer Decl. Ex. A ("Expert Opinion of Jonathon S. Shefftz"), at 1.)

Shefftz further states "corporate norms and formalities might not have been followed, and . . . further fact discovery on this issue might yield additional information that is pertinent to corporate ownership and control." (Id. at 3.)

Shefftz's report appears to be merely a preliminary report and does not contain details about his expected trial testimony. This type of preliminary report is not sufficient to satisfy Rule 26(a)(2)(B)'s report requirement. See Alvarado v. FedEx Corp., 2006 WL 1761276, at *3 (N.D. Cal. June 27, 2006) (stating "the preliminary report is so general and lacking in detail that it does not provide a meaningful basis for determining the substance of [the expert's] opinions, nor does it provide a fair basis for expert discovery.")

Although Shefftz "stated his intention to supplement [his report] as information became available," (Pl.'s Opp'n at 5), "[a] party may not use a 'non-opinion' as a placeholder to spring a 'supplemental opinion' in the eleventh hour." White v. Cinemark USA, Inc., 2005 WL 1865495, at *3 (E.D. Cal. Aug. 3, 2005). To hold that Shefftz's report satisfied the Rule 26(a)(2)(B) requirements would improperly allow Plaintiff to extend the Rule 26 expert disclosure deadlines. See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., 73 F.3d 546, 571 (5th Cir. 1996) (stating that the disclosure requirements are not intended to allow a party to remedy incomplete initial disclosures through supplemental reports); Alvarado, 2006 WL 1761276, at *4 ("[A]llowing [Plaintiff] to proceed with [this expert] would encourage parties to evade the expert-disclosure rules."). Shefftz's expert report did not comply with the disclosure requirements of Rule 26(a)(2)(B).

Defendant argues since Shefftz's expert report does not comply with Rule 26(a)(2)(B), Shefftz's opinion should be stricken, relying on Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") which prescribes "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . information not so disclosed." (Defs.' Mot. at 5.) Defendants argue Plaintiff "has no substantial justification for failing to disclose an expert report." (Id. at 6.)  Further, Defendants argue this failure is not harmless because they have not been provided "any indication as to the opinion that Mr. Shefftz will present at trial" and have been "deprived of the opportunity to prepare a rebuttal expert and to conduct discovery regarding the opinion that Mr. Shefftz plans to give." (Id.)

Plaintiff counters that Defendants' request for the sanction of striking Shefftz's expert report is not supported by Rule 37(c)(1) because that rule applies only where "an expert fails to comply with Rule 26(a) in its entirety." (Pl.'s Opp'n at 7.)  Plaintiff contends to hold otherwise would "render[] superfluous Rule 26(a)(2)(C), which requires an expert to supplement his disclosures." (Id.)

"Rule 37(c)(1) gives teeth to [the Rule 26(a)(2)(B) disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Id.   The only justification Plaintiff

proffers is the mistaken belief that Shefftz's incomplete initial
report could be supplemented in a manner that satisfies the Rule 26
disclosure requirements.  This argument misconstrues Plaintiff's
disclosure obligation under Rule 26(a)(2)(B), and does not satisfy the
substantial justification exception.  Nor has Plaintiff shown the
applicability of the harmless exception.  "Implicit in Rule 37(c)(1)
is that the burden is on the party facing sanctions to prove
harmlessness."  Id. at 1107.  Since Plaintiff has not shown that its
failure to comply with Rule 26(a)(2)(B) was either substantially
justified or harmless, Defendants' motion to strike Shefftz's expert
opinion is granted.

          IT IS SO ORDERED.

Dated:  January 25, 2007

                         _____
                         GARLAND E. BURRELL, JR.
                         United States District Judge