IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CITY OF GRASS VALLEY, | ) | |
| | ) | 2:04-cv-149-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NEWMONT MINING CORPORATION, a | ) | |
| corporation; NEWMONT USA LIMITED, | ) | |
| a corporation; NEWMONT NORTH | ) | |
| AMERICA EXPLORATION LIMITED, a | ) | |
| corporation; NEWMONT GOLD COMPANY, | ) | |
| a corporation; NEWMONT NORTH | ) | |
| AMERICA LIMITED, a corporation; | ) | |
| NEWMONT EXPLORATION LIMITED, a | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————————————— | ) | |

Plaintiff moves to amend the Scheduling Order and moves to amend its complaint to add the following additional Defendants: New Verde Mines LLC, Newmont North America LLC,[1] Newmont International Services Limited, Newmont Realty Company, and Newmont Capital Limited

---

[1] The parties agreed at the hearing that New Verde Mines LLC and Newmont North America LLC are the same entity.  New Verde Mines LLC changed its name to Newmont North America LLC.

1

1  (collectively "Related Newmont Entities").  Defendants oppose

2  Plaintiff's motions.

3                              <u>BACKGROUND</u>

4          A Scheduling Order issued on May 12, 2006, which contains a

5  provision prohibiting further joinder of parties or amendment of

6  pleadings "except with leave of Court, good cause having been shown."

7  (Order, May 12, 2006, at 1.)  Plaintiff argues it has demonstrated

8  "good cause" justifying the amendments it seeks.  (Pl.'s Mot. to Amend

9  at 6:16-17.)  Defendants disclosed in July 2004, as part of their

10 initial discovery, a chain of title guarantee listing New Verde Mines

11 LLC as the holder of mineral rights under Plaintiff's Wastewater

12 Treatment Plant.  (Aff. of Thayer, Ex. 3 at 3.)  The parties

13 subsequently conducted settlement negotiations and agreed to stay the

14 action for the purpose of trying to reach a settlement from February

15 1, 2005 through August 1, 2005 and again from December 5, 2005 through

16 April 5, 2006.  (Order, Dec. 6, 2005, at 1-2.)

17         Beginning in August 2006, Plaintiff asked several deponents

18 about New Verde Mines LLC and its relationship to Defendant Newmont

19 Mining Company's involvement in Grass Valley, but the deponents were

20 unable to explain the relationship.  (Bardwick Decl., Ex. G at 2, Ex.

21 I at 2.)  In December 2006, Plaintiff notified the current Defendants

22 of its intention to move to amend its complaint to add New Verde Mines

23 LLC and Newmont North America LLC as Defendants.  (<u>Id.</u>, Ex. J at 1.)

24 Plaintiff then deposed Defendants' "person most knowledgeable"

25 regarding corporate structure in January 2007.  (<u>Id.</u>, Ex. O.)  In

26 addition, in February 2007, Defendants admitted through a Request for

27 Admissions that New Verde Mines LLC and Newmont Realty Company were

28 wholly owned subsidiaries of Defendant Newmont USA Limited and that

Newmont Mining Corporation owns shares in Newmont Capital Limited. (Id., Ex. S at 3, 11.)  Plaintiff then filed this motion on March 23, 2007 to amend the scheduling order and to amend its complaint.  (Pl.'s Mot. to Amend at 1.)  The motion was argued on April 30, 2007.

DISCUSSION

I.  Amending the Scheduling Order

Plaintiff asserts it has good cause to amend the portions of the Scheduling Order establishing the deadline for amendment of pleadings.  (Pl.'s Mot. to Amend at 6:16-17.)  Defendants rejoin good cause does not exist to justify allowing Plaintiff to make further amendments.  (Defs.' Opp'n at 2:21.)

Federal Rule of Civil Procedure 16[2] provides that a pretrial Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge."  "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

> [T]o demonstrate diligence under Rule 16's good cause standard, the movant may be required to show the following: (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order, (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order.

Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (internal quotation marks omitted).

---

[2]   All further Rule references are to the Federal Rules of Civil Procedure.

A.  Creating a Workable Order

Defendants argue Plaintiff was not diligent in creating a workable Rule 16 order because Plaintiff filed three status reports in which Plaintiff said it had no intention of adding Defendants and then subsequently moved to amend its Complaint to add Defendants. (Defs.' Opp'n at 4:13-14.)  Plaintiff rejoins that when those status reports were filed Plaintiff "simply did not yet know the identity and relationships among the Related Newmont Entities" and therefore, Plaintiff did not know it would move at a later date to add Defendants. (Pl.'s Mot. to Amend at 5:1-3.)  In addition, Plaintiff responds that it participated in all scheduling discussions and agreed to a "Joint Stipulation and Order for Extension of Time" with Defendants to modify the law and motion deadlines. (Pl.'s Mot. to Amend at 7:10-19.)

Nothing in the record indicates Plaintiff knew it would seek to amend its complaint at the time the status reports were filed. Since Plaintiff participated in creating a workable Rule 16 order, Plaintiff has shown diligence.

B.  Development of Unforeseen Matters

Plaintiff asserts that although it was aware of the existence of New Verde Mines LLC and Newmont North America LLC in 2004, it was not aware of the relationship between these entities and Newmont; nor was it aware of the role these entities played in Newmont's Grass Valley operations until the close of discovery. (Pl.'s Reply at 3:5-9.)  Therefore, Plaintiff asserts it has good cause to amend its complaint. (Id.)  Defendants countered at the hearing that Plaintiff received documents listing New Verde Mines LLC as the mineral rights holder underneath Plaintiff's property as early

as 2004.   Defendants further asserted that since Newmont is a publicly

traded company, Plaintiff could have ascertained the relationship

between the other Related Newmont Entities through public records

searches before the close of discovery.   Defendants argued that

therefore, Plaintiff was not diligent conducting discovery and has not

shown good cause to amend its complaint.

i.   New Verde Mines LLC & Newmont North America LLC

Plaintiff admitted at the hearing that it received the chain

of title guarantee in 2004 listing New Verde Mines LLC as the holder

of mineral rights in Grass Valley.   Plaintiff asserts, however, that

the chain of title guarantee was part of a 30,000 document production

from Defendants, that Newmont has hundreds of related entities, and

therefore, it was difficult and time consuming for Plaintiff to

accurately determine which of Newmont's related entities should be

joined in this litigation.

The diligence issue concerns whether Plaintiff's counsel

acted as a reasonable attorney would have acted in pursuing

information in a similar situation.   White v. Sabatino, 2007 U.S.

Dist. LEXIS 18760, *12 (D. Haw. Mar. 16, 2007) (holding plaintiff was

diligent despite not uncovering relevant information during discovery

because it would not by readily ascertainable by reasonable counsel).

This is a difficult question to decide.

Plaintiff did not uncover the relevant information regarding

the relationship between New Verde Mines LLC and Newmont Mining

Corporation until the close of discovery.   Plaintiff did take steps to

attempt to acquire this information, but whether additional steps

should have been taken in 2004 is not patently clear.   Plaintiff had

to wade through thousands of documents about hundreds of related

entities, and therefore, Plaintiff appears to have been diligent in
its search for the relevant information.  In addition, Plaintiff was
aided in its endeavor to investigate the public records when it hired
a public record search firm where at least two specialists conducted
public records searches.  However, Plaintiff stated at the hearing
that these experts were unable to determine the relationship between
the Related Newmont Entities because of missing documents in the
record.  The record presents a difficult question on the issue of
whether Plaintiff was diligent in pursuing discovery regarding New
Verde Mines LLC and Newmont North America LLC.  But Plaintiff's
showing meets the bare minimum required to have the Scheduling Order
amended.

ii.  Remaining Related Newmont Entities

Plaintiff further contends it was diligent in pursuing
information regarding the remaining Related Newmont Entities.
Defendants do not point to any documents disclosed during discovery
that should have reasonably alerted Plaintiff to the remaining Related
Newmont Entities' relationship to Newmont Mining or their involvement
in Newmont's Grass Valley operations.  Instead, Defendants argued at
the hearing that Plaintiff was not diligent because Plaintiff should
have discovered this information through public records.  Plaintiff
rejoined that despite conducting public records searches, it was
unable to ascertain the necessary information regarding which Newmont
entities were proper Defendants.

Although Plaintiff was unable to uncover the relevant
information before the close of discovery, Plaintiff has shown it took
reasonable steps to ascertain the relationship of the Related Newmont
Entities through public record searches.  Therefore, Plaintiff was

1 | diligent and its inability to comply with the Scheduling Order is
2 | based on reasonably unforeseen events.
3 | C.  Diligence in Seeking Amendment
4 | Plaintiff asserts it sought to amend as soon as it
5 | reasonably could.  (Pl.'s Mot. at 7:26-27.)  Defendants rejoin
6 | Plaintiff's delay is inexcusable.  (Defs.' Opp'n at 4.)
7 | Plaintiff sent Defendants a letter on December 5, 2006
8 | informing Defendants of its intention to move to add New Verde Mines
9 | LLC and Newmont North America LLC as Defendants and also specified
10 | that Plaintiff "anticipate[d] that additional Newmont entities may
11 | become known during the remaining months of discovery."  (Bardwick
12 | Decl., Ex. J at 1.)  Plaintiff then conducted its deposition of
13 | Defendants' "person most knowledgeable" on corporate structure in
14 | January 2007 and received Defendants' responses to its Request for
15 | Admissions in February 2007.  (Id., Ex. O, Ex. S.)  Plaintiff filed
16 | this motion on March 23, 2007.  (Pl.'s Mot. to Amend at 1.)
17 | Plaintiff did not have sufficient evidence to move to amend
18 | its complaint to add the Related Newmont Entities prior to Plaintiff's
19 | deposition of Defendants' person most knowledgeable in January 2007
20 | and Defendants' answers to Plaintiff's Request for Admissions in
21 | February 2007.  It is understood that it takes time to prepare a
22 | motion before it can be filed and therefore, it was not unreasonable
23 | for Plaintiff to wait until March 2007 to file its motion.
24 | D.  Prejudice
25 | Defendants assert they will suffer prejudice if Plaintiff's
26 | motion is granted because "[d]iscovery has closed, dispositive motions
27 | have been filed, and the parties are preparing for trial in five
28 | months."  (Defs.' Opp'n at 5:9-10.)  Plaintiff rejoins that it does

not seek any additional discovery and does not seek to change any of
the other dates set by the Scheduling Order.  (Pl.'s Reply at 6:25-
27.)  In addition, Plaintiff asserts it "provided Newmont more than
adequate notice of its intent to move for this amendment, precisely to
avoid any possibility of prejudice."  (Pl.'s Reply at 25-26.)

Although the focus of analysis under Rule 16 is on the
diligence of the moving party, "the existence or degree of prejudice
to the party opposing the modification might supply additional reasons
to deny a motion."  <u>Jackson</u>, 186 F.R.D. at 607.  However, a delay in
the litigation proceedings is insufficient to deny a request to amend.
<u>See</u> <u>DCD Programs, Ltd v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987).
Likewise, extending deadlines for discovery, in light of information
Plaintiff learns through discovery, is not the type of prejudice that
precludes amendment under Rule 16.  <u>Fru-Com Constr. Corp. v.</u>
<u>Sacramento Mun. Util. Dist.</u>, 2006 U.S. Dist. LEXIS 94421, *16-17 (E.D.
Cal. Dec. 15, 2006).  In addition, allowing an amendment to add
Defendants which makes a case more complicated is not prejudice
sufficient to preclude amendment under Rule 16.  <u>Id.</u>

Defendants will not suffer the type of prejudice which
justifies precluding amendment under Rule 16.  Therefore, Plaintiff
has shown good cause to amend the Scheduling Order.

<u>II.  Amending the Complaint</u>

Plaintiff asserts the Related Newmont Entities meet the
requirements for joinder under Rule 20 because Plaintiff alleges they
are jointly and severally liable for Newmont's actions in Grass
Valley.  (Pl.'s Mot. at 8:24-25.)  Defendants do not respond to this
argument.

1   Rule 20 provides that joinder is proper when the right to
2   relief against the party to be joined is asserted jointly or
3   severally.  Since Plaintiff asserts joint and several liability
4   against the Related Newmont Entities, Plaintiff's motion to amend its
5   complaint is granted.

6   III.  Pending Summary Judgment Motion

7   Currently cross motions for summary judgment are pending and
8   are set for hearing on May 14, 2007.  Defendants stated at the hearing
9   that if Plaintiff's motion to amend were granted, the pending summary
10  judgment motion would need to be "restyled" to include the additional
11  Defendants.  Therefore, the May 14, 2007 hearing on the motions for
12  summary judgment is vacated and rescheduled to commence at 10:00 a.m.
13  on June 11, 2007.  If either party's pending motion requires changes
14  to incorporate the additional Defendants, the revised motions shall be
15  filed by May 17, 2007.  Any opposition shall be filed by May 25, 2007
16  and any reply shall be filed by June 4, 2007.

17                              CONCLUSION

18  Plaintiff has five days from the date on which this Order is
19  filed to file and serve its Third Amended Complaint.

20  IT IS SO ORDERED.

21  Dated:  May 9, 2007

22

23  _____
    GARLAND E. BURRELL, JR.
24  United States District Judge

25

26

27

28

                                    9