IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CITY OF GRASS VALLEY,

Plaintiff,

v.

NEWMONT MINING CORPORATION, a corporation; NEWMONT USA LIMITED, a corporation; NEWMONT NORTH AMERICA EXPLORATION LIMITED, a corporation; NEWMONT GOLD COMPANY, a corporation; NEWMONT NORTH AMERICA LIMITED, a corporation; NEWMONT EXPLORATION LIMITED, a corporation; NEW VERDE MINES LLC, a limited liability company; NEWMONT NORTH AMERICA LLC, a limited liability company; NEWMONT REALTY COMPANY, a corporation; NEWMONT CAPITAL LIMITED, a corporation; NEWMONT INTERNATIONAL SERVICES LIMITED, a corporation,

Defendants.

2:04-cv-149-GEB-DAD

ORDER*

Defendants Newmont Capital Limited ("NCL") and Newmont International Services Limited ("NISL") (collectively "Defendants") move for dismissal of Plaintiff's Third Amended Complaint against them

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

under Federal Rule of Civil Procedure 12(b)(2) arguing that the Court is without personal jurisdiction over them.[1] Plaintiff opposes this motion.

FACTUAL ALLEGATIONS

Plaintiff alleges NCL, NISL, Newmont Mining Corporation, Newmont USA Limited, Newmont North America Exploration Limited, Newmont Gold Company, Newmont North America Limited, Newmont Exploration Limited, New Verde Mines LLC, Newmont North America LLC, and Newmont Realty Company (collectively "Newmont") owned and/or operated the Drew Tunnel of the Massachusetts Hill Mine in Grass Valley, California. (Pl.'s Compl. ¶ 16.) Plaintiff further alleges it discovered contaminated discharge which flowed from the Drew Tunnel onto Plaintiff's property. (Id. ¶ 15.) Plaintiff alleges that Newmont caused Plaintiff's property to be contaminated from this discharge and Plaintiff seeks recovery for the damage sustained. (Id. ¶¶ 25, 32; Prayer, ¶ 4.)

DISCUSSION

I. Legal Standard

Rule 12(b)(2) authorizes dismissal of an action for lack of personal jurisdiction. "[P]laintiff bears the burden of 'demonstrat[ing] facts that if true would support [exercising] jurisdiction over the [D]efendant.'" Cargnani v. Pewag Aus. G.m.b.H., 2007 WL 415992, at *4 (E.D. Cal. Feb. 5, 2007). "[P]laintiff is generally required only to make out a prima facie showing of personal jurisdiction" to withstand dismissal. Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007).

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

The "exercise of personal jurisdiction 'must comport with the state long-arm statute, and with the constitutional requirements of due process.' [Since] California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause, the only question is whether the exercise of jurisdiction is constitutionally permissible." Cargnani, 2007 WL 415992, at *4 (internal citations omitted). There are "[t]wo recognized bases . . . for [exercising] personal jurisdiction over nonresident defendants: (1) 'general jurisdiction' which arises when a [D]efendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) 'specific' or 'limited' jurisdiction which arises out of the [D]efendant's contacts with the forum giving rise to the subject of the litigation." Revis v. SFG Equip. Leasing Corp., 2007 WL 926799, at *2 (E.D. Cal. Mar. 27, 2007).

Defendants assert they are nonresidents of California since they are not incorporated in California and their principal place of business is in Colorado, and that neither general nor specific jurisdiction exists because they do not have sufficient minimum contacts with California to justify a California federal court exercising jurisdiction over them. (Defs.' Mot. at 4:10-12, 4:20-21 5:7-10.) Plaintiff rejoins "the Court need not determine whether it has general jurisdiction over [Defendants] because [Plaintiff's] claims against [Defendants] arise from [Defendants'] 'forum related activities' in Grass Valley" and therefore, this court has specific jurisdiction over them. (Pl.'s Opp'n at 4:22-24.) Defendants counter Plaintiff "fails to offer any evidence that the alleged contacts of [Defendants] with the State of California ha[s] any relationship to

the [Plaintiff's] underlying causes of action." (Defs.' Reply at 2:8-10.)

Specific jurisdiction is analyzed under a three-prong test:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). There must be "a relationship among the [D]efendant, the forum, and the litigation." Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414 (1984). To satisfy the second prong of the analysis the "forum-related activities [must be] causally connected to [P]laintiff's claims." Ross v. Altria Group, Inc., 2004 WL 2055712, at *4 (N.D. Cal. Sept. 7, 2004).

Plaintiff presents no evidence that Defendants had contact with either the Massachusetts Hill Mine or the Drew Tunnel. In addition, Plaintiff does not explain how Defendants' alleged contacts with California are causally connected to the subject contaminated discharge that allegedly damaged Plaintiff's property. Since Plaintiff has not presented any facts which support this court's

///

///

///

///

///

///

exercise of personal jurisdiction over Defendants, Defendants are dismissed from Plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

Dated: August 16, 2007

GARLAND E. BURRELL, JR.
United States District Judge