IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CITY OF GRASS VALLEY,                )
                                     )     2:04-cv-00149-GEB-DAD
                Plaintiff,           )
                                     )
        v.                           )     ORDER*
                                     )
NEWMONT MINING CORPORATION, a        )
corporation; NEWMONT USA LIMITED,    )
a corporation; NEWMONT NORTH         )
AMERICAN EXPLORATION LIMITED, a      )
corporation; NEW VERDE MINES LLC,    )
a limited liability company;         )
NEWMONT REALTY COMPANY, a            )
corporation,                         )
                                     )
                Defendants.          )
_____)

        Defendants move to disqualify Plaintiff's outside counsel,
arguing that the outside counsel's contingency fee arrangement with
the City violates a government attorney's duty of neutrality.  (Def.s'
Mot. at 3:6-14.)  Plaintiff (hereinafter sometimes referenced as "the
City") opposes the motion.  For the following reasons, the motion is
denied.

_____

        *     This matter was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1    Defendants argue that the California Supreme Court's
2  decision in <u>People ex rel. Clancy v. Superior Court (Clancy)</u>, 39
3  Cal.3d 740, 750 (1985) compels disqualification of Plaintiff's outside
4  counsel because <u>Clancy</u> held that a government entity could not hire
5  outside counsel on a contingency fee basis to litigate claims for
6  abatement of a public nuisance. (Def.s' Mot. at 3:19-24.)  The City
7  includes in its Complaint, *inter alia*, a claim for abatement of public
8  nuisance. (Pl.'s Compl. at 10:16-12:6.)  Defendants assert that the
9  City's lead trial counsel is being compensated on a contingency fee
10 basis. (Def.s' Mot. at 2:7-16.)  The City counters that it is
11 authorized by California Government Code section 37101 to hire outside
12 counsel and that <u>Clancy</u> approves of hiring outside counsel where the
13 government retains control of the litigation. (Pl.'s Opp. at 2:6-12,
14 n.1.)

15    Courts have the inherent power to disqualify counsel.
16 <u>Cargill Inc. v. Budine</u>, 2007 WL 1813762, *7 (E.D. Cal. June 22, 2007).
17 Motions to disqualify counsel are decided based on state law.  <u>In re</u>
18 <u>County of Los Angeles</u>, 223 F.3d 990, 995 (9th Cir. 2000).  The party
19 seeking disqualification bears the burden of proving the conflict
20 alleged.  <u>United States v. Schafer</u>, 2006 WL 3271290, *7 (E.D. Cal.
21 Nov. 12, 2006).

22    Even assuming arguendo that the City's outside counsel is
23 hired on a contingency fee basis, Defendants have not countered
24 Plaintiff's showing that the City Attorney for the City of Grass
25 Valley is acting as co-counsel in this action and the City retains
26 "ultimate decision-making authority in the case." (Decl. of Jeffrey
27 Folz in Opp. ¶ 4; Pl.'s Opp. at 6:12-20.) Accordingly, Defendants'
28 motion is denied.  <u>Clancy</u>, 39 Cal.3d at n.3 (distinguishing <u>Sedelbauer</u>

v. State, 455 N.E.2d 1159, 1164 (Ind. App. 1983) because in that case "the court approved the assistance of a private attorney only because he appeared 'not in place of the state's duly authorized counsel.'"); City and County of San Francisco v. Philip Morris, Inc., 957 F.Supp. 1130, 1135 (N.D. Cal. 1997) ("the Court finds that this case is sufficiently distinguishable from Clancy [because outside counsel] is acting here as co-counsel, with plaintiffs' respective government attorneys retaining full control over the course of the litigation.").

        IT IS SO ORDERED.

Dated:  November 19, 2007

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge