IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF GRASS VALLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NEWMONT MINING CORPORATION, a corporation; NEWMONT USA LIMITED, a corporation; NEWMONT NORTH AMERICAN EXPLORATION LIMITED, a corporation; NEW VERDE MINES LLC, a limited liability company; NEWMONT REALTY COMPANY, a corporation,<br><br>    Defendants. | 2:04-cv-00149-GEB-DAD<br><br>ORDER[*] |

Defendants move for partial summary judgment under Federal Rules of Civil Procedure 56(b). Plaintiff ("the City") asserts in its complaint, *inter alia*, that Defendants are liable under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), codified at 42 U.S.C. 9607(a), as owners or operators of a facility from which there has been a release of hazardous substances. (Pl.'s Third Amended Compl. ¶¶ 43-51.)

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Defendants seek partial summary judgment that would have the court (1) defining the facility at issue in this suit to be the Massachusetts Hill Mine Workings, (2) holding the City liable as a present owner under CERCLA section 107(a), and (3) holding that the Newmont entities are not liable as past (as opposed to present) owners or operators of the Massachusetts Hill Mine workings. (Defs.' Mot. at 2.) Plaintiff opposes the motion. Defendants' motion is denied for the reasons that follow.

## I. Summary Judgment Standards

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). The moving party has the burden of showing there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). There is no genuine issue of fact if, on the record taken a a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## II. Defining the Facility as the Massachusetts Hill Mine Workings

In its Compliant, the City defines the facility at issue as "mines, mining waste, minerals, mine workings and other materials which are one or more of the mining features which connect to a mining feature known as Drew Tunnel. . . ." (Pl.'s Third Amended Compl. ¶¶ 45, 16.) Defendants assert that undisputed evidence "establishes that

the Massachusetts Hill Mine workings, including the Drew Tunnel, are not connected to any other mine workings or drainage tunnels in the area" and therefore, "there is no basis for expanding the geographic scope of . . . the 'facility' beyond the Massachusetts Hill Mine workings." (Defs.' Mot. at 8:13-9:3.)  Plaintiff rejoins that defining the facility at issue is not a proper basis for summary judgment. (Pl.'s Opp'n at 4:11-23.)

Assuming Defendants' motion on this issue is proper, the City has presented evidence that establishes a triable issue of fact exists as to whether the Massachusetts Hill Mine is connected to other mines in the area, especially through a hydraulic connection.[2] (Eickmeyer Decl., Exh. 2, at 5 ("The [Drew] tunnel is heavily stoped and in an area of heavily fractured host rock.  These conditions would make it more likely that there are hydraulic connections between the workings of the different mines.")); (Eickmeyer Decl., Exh. 1, at 3 ("The draining adit [Drew Tunnel] is currently the hydraulic low point in the mine workings. . . .")); (Bardwick Decl., Exh. 3 [Versar

---

[2] The parties submitted sealed documents in support of and in opposition to this motion. See Barkdwick Decl.; Eickmeyer Decl.; Thayer Affi.  This order quotes some of these documents.  Although the parties stipulated in a February 24, 2005 protective order that certain documents or discovery responses may be labeled as confidential and filed under seal, (Stipulation and Protective Order, Docket No. 152 ¶¶ 4, 6) that order concerned discovery, under which a document may be sealed if a "good cause" standard is met. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing Fed. R. Civ. P. 26(c)).  But the issue of whether matters discussed in this order are sealed is governed by a "compelling reasons" standard under which a party must show "compelling reasons supported by specific factual findings . . . that outweigh the general history of [public] access" to a judicial record shedding light on the judicial process. Id. (internal quotations and citations omitted).  Since sufficient reasons justifying sealing any part of this order have not been presented, all aspects of this order are made public.

1  Report], at 1 ("The Empire Star Mine consists of 15 mines which were
2  originally isolated from each other, but are now joined by over 370
3  miles of adits, shafts, drifts, and crosscuts.  The Empire, North
4  Star, . . . Massachusetts Hill, and Gold Hill Mines were the principal
5  mines merged into the Empire Star Mine."))

6  Since evidence in the record reveals a genuine issue of
7  material fact exists as to whether the Massachusetts Hill Mine is
8  connected to other surrounding mines, Defendants' motion on this issue
9  is denied.

### III. The City's Liability Under CERCLA

11  Defendants also argue that the City is the owner of "the
12  facility at issue in this litigation," and request the court to enter
13  partial summary judgment "holding the City liable as a present owner
14  under [section 107(a)(1) of] CERCLA."  (Defs.' Mot. at 2, 10.)  The
15  City responds that "[n]one of the answers filed by the various Newmont
16  defendants included any claims against the City" and that unpled
17  claims may not be raised in a summary judgment motion since discovery
18  has closed. (Pl.'s Opp'n at 7:6-7, 8:2-3.)  In their Reply,
19  Defendants' assert that they "need not have asserted a counterclaim or
20  defense against the City because two of the City's causes of action
21  against Defendants state a claim for contribution" and "Defendants
22  alleged several defenses in their Answer relating to the City's
23  liability."  (Defs.' Reply at 5:4-6, 6:3-4.)

24  Defendants' argument in their Reply that the 107(a)
25  liability determination relates to asserted claims and defenses was
26  not raised in their moving papers.  New arguments cannot be raised in
27  a reply brief because it disadvantages the opposing side.  State of
28  Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990), cert. denied,

4

499 U.S. 906 (1991).  Therefore, this portion of Defendants' motion is denied because it fails to satisfy the notice requirement of Local Rule 230.

**IV. Defendants' liability as past owners or operators of Massachusetts Hill Mine.**

Defendants assert that "no Newmont entity is a past owner or operator of the Massachusetts Hill Mine workings, nor is any Newmont entity the successor-in-interest to any company that owned or operated that facility."  (Def.s' Mot. at 11:4-6.)  The City rejoins that "Newmont fails to establish this assertion as a matter of undisputed fact."  (Pl.'s Opp'n at 9:13-14.)

Section 107(a)(2) of CERCLA creates liability for "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of."  42 U.S.C. § 9607(a)(2).  The Supreme Court defines an operator as

> simply someone who directs the workings of, manages, or conducts the affairs of a facility. To sharpen the definition for the purposes of CERCLA's concern with environmental contamination, an operator must manage, direct, or conduct operations specifically related to pollution, that is, operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations.

United States v. Bestfoods, 524 U.S. 51, 66-67 (1998).

Defendants argue that since the Massachusetts Hill Mine was closed in 1901 it was never thereafter operated for the purposes of CERCLA.  Specifically, Defendants contend: "[t]here is no evidence that the Massachusetts Hill Mine Workings were ever operated after 1901."  (Def.s' Mot. at 11:13-14, Def.s' SUF #22.)  However, the City has presented evidence that the Massachusetts Hill Mine was "operated"

after 1901.  For example, in a 1975 report entitled "Nevada County, California: Gold Property: A Summary Report," the Newmont Mining Corporation writes that "at the cessation of operations in the mid 1950's, the mine workings were allowed to fill with water." (Bardwick Decl. In Opp'n Ex. 2 at 6.)  This quote was referring to the Empire Star Mines, but in the report Newmont also notes that "[t]he Empire Star section is a consolidation of many of the early operating mines in the Grass Valley district.  Among them being the North Star, . . . Massachusetts Hill . . . and Wisconsin." (Id. at 8.)  Accordingly, a trier of fact could reasonably infer that when the Empire Star Mines were flooded the Massachusetts Hill Mine was also flooded.  Further, flooding Massachusetts Hill Mine with water could be an operation because it is an "exercise of discretion" "related to pollution" in that flooding the mine may have caused the pollutants in the mine to leak into the water.

Evidence also exists in the record that Newmont Mining Corporation, a named defendant, is the successor-in-interest to the company that flooded the Massachusetts Hill Mine.  The City proffers evidence that the Empire Star Mines Company owned and operated the Empire Star Mines from 1929-1956. (Pl.'s Response to Def.s' SUF #5 (citing Bardwick Decl. in Opp. Exh. 2 at 3, Exh., 33.))  Defendants admit that in 1957 Empire Star Mines Company merged into Newmont Mining Corporation. (Bardwick Decl. Exh. 5, at RFA 12.)  "Although CERCLA does not specifically address the issue of successor liability, courts have applied general rules of corporate law and found liability where the successor company expressly assumes the predecessor company's liabilities, or the succession happens through *mergers* or consolidations, or the successor is a continuation of the predecessor

1  company." XDP, Inc. v. Watumull Properties Corp., 2004 WL 1103023,
2  *4 (D. OR., 2004) (citing Atchison, Topeka and Santa Re Ry. Co. v.
3  Brown & Bryant, Inc., 159 F.3d 358, 362 (9th Cir. 1997) (emphasis
4  added).
5       Accordingly, the City's evidence is sufficient for a
6  reasonable trier of fact to find that Newmont Mining Corporation is
7  liable as a past owner or operator of the Massachusetts Hill Mine.
8  Therefore, Defendants' motion on this issue is denied.

### V. Summary

For the above stated reasons, Defendants' motion for partial summary judgment is denied.

IT IS SO ORDERED.

Dated:  November 21, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge